4

1  J. RUSSELL CUNNINGHAM, State Bar #130578
   J. LUKE HENDRIX, State Bar #271424
2  GABRIEL P. HERRERA, State Bar #287093
   NABEEL M. ZUBERI, State Bar #294600
3  DESMOND, NOLAN, LIVAICH & CUNNINGHAM
   1830 15th Street
4  Sacramento, California 95811
   Telephone: (916) 443-2051
5  Facsimile: (916) 443-2651

6  Attorneys for Susan Didriksen
   Chapter 7 Trustee
7
                   UNITED STATES BANKRUPTCY COURT
8
                   EASTERN DISTRICT OF CALIFORNIA
9
                        SACRAMENTO DIVISION
10

11 | In re:                                | Case No. 12-40188-D-7
12 |                                       | Chapter 7
13 | JOHN SANARES KENERY and ROSARIO       | DNL-2
   | GUERRERO KENERY,
14 |                                       | Date: February 5, 2014
   |                                       | Time: 10:00 a.m.
15 |           Debtors.                    | Place: 501 I Street, 6th Floor
   |                                       |        Courtroom 34
16 |                                       |        Sacramento, California

17

18                **MOTION TO APPROVE SALE OF ESTATE PROPERTY**

19       SUSAN DIDRIKSEN ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy

20 estate of JOHN SANARES KENERY and ROSARIO GUERRERO KENERY (collectively

21 "Debtors"), hereby moves for authority to sell the bankruptcy estate's interest in certain real property

22 commonly known as 408 Boardwalk Ave., Apt 6, San Bruno CA 94066 ("Subject Property") and

23 the related August 15, 2013 judgment entered in favor of Trustee and against JOSEPHINE KENERY

24 ("Josephine") in Adversary Proceeding Case No. 13-02072, in the Eastern District of California

25 Bankruptcy Court ("Judgment"), to GREGORY T. ROYSTON or his assignee ("Buyer"), for the

26 purchase price of $10,000, subject to overbidding at the sale hearing. In support thereof, Trustee

27 submits the following:

28 ///

                                        1

**JURISDICTION AND BACKGROUND FACTS**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2)(N) and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought in this motion is appropriate and proper pursuant to 11 U.S.C. § 363(b)(1).

2. On November 18, 2012, the Debtors commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. Trustee is the duly appointed trustee for the Debtors' bankruptcy estate.

3. Among the assets of the estate is the estate's interest in the Subject Property and the Judgment. The Subject Property is identified as an approximately 650 sq. ft. condominium. The Judgment, entered after Trustee's motion for default judgment was granted, avoids the transfer to Josephine of debtor John Kenery's interest in the Subject Property, made by grant deed recorded March 27, 2012. The transfer was omitted from the Debtors' Statement of Financial Affairs and it was not until Trustee conducted a public records search that the transfer was discovered. The transfer was recorded about two months after Capital One Bank recorded an abstract of judgment reflecting an $11,512.84 judgment obtained against debtor John Kenery. The Judgment declares Trustee's title to the Subject Property to be superior to Josephine's title as to the interest transferred to Josephine by John Kenery. As a result of the Judgment, Trustee and Josephine are co-owners of the Subject Property.

4. Upon commencing the Adversary Proceeding, Trustee caused a Notice of Pendency of Action ("Lis Pendens") to be recorded.

5. Trustee has determined that the Subject Property is encumbered by voluntary liens in favor of Bank of America to secure certain loan obligations of Josephine totaling approximately $380,000. Trustee believes the value of the Subject Property to be less than $300,000.

**TERMS OF SALE**

Subject to Bankruptcy Court approval, Trustee has entered into a sale agreement with Buyer with respect to the estate's interest in the Subject Property and the Judgment ("Sale Agreement"). The essential terms of the Sale Agreement include the following

///

(1) Trustee shall sell and Buyer, or his assignee, shall purchase the estate's interest in the Subject Property and the Judgment for $10,000, payable in full within 7 calendar days of the entry of Bankruptcy Court order approving the Sale Agreement;

(2) Buyer agrees to purchase the Subject Property in "as is" and "where is" condition and subject to any and all claims of lien, encumbrance, debt, and interest;

(3) Buyer shall be solely responsible for obtaining actual possession of the Subject Property, and Buyer shall be solely responsible for any and all transfer taxes, escrow fees, and associated closing costs;

(4) Upon Trustee's receipt of the $10,000, Trustee shall convey to Buyer, or his assignee, title to the Subject Property by quitclaim deed, assign the estate's interest in the Judgment, and cause a withdrawal of the Lis Pendens to be recorded; and

(5) The sale is subject to overbidding and a breakup fee, pursuant to the terms proposed below.

## PROPOSED OVERBIDDING PROCEDURES AND BREAKUP FEE[1]

To overbid, any overbidder must show proof of funds prior to or at the sale hearing. Payment by any successful bidder must be made in full within 7 calendar days of the entry of Bankruptcy Court order approving the sale. In the event the successful bidder does not timely close the sale, the next highest bidder shall be entitled to purchase the Subject Property and the Judgment at the bidder's last recorded bid. In the event there is overbidding at the sale hearing, the minimum overbid shall be $13,250, to account for a Breakup fee ("BUF") to Buyer in the greater amount of $3,000 or 12% of the final overbid, and any further bidding shall continue in increments of at least $250. The BUF is due and payable within 10 business days of Trustee's receipt of closing funds from any successful overbid, so long as Buyer is not in default under the Sale Agreement at that time.

///

---

[1] Trustee and Buyer understand that the proposed overbid procedures and the breakup fee are subject to Bankruptcy Court approval.

**BASIS FOR RELIEF**

Pursuant to 11 U.S.C. 363(b)(1), a trustee can sell property of the estate after notice and hearing. A sale must have a valid business justification and be proposed in good faith. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996). Trustee's proposed sale to Buyer has a valid business justification and is in the best interest of the estate. The Subject Property lacks equity and with the exception of a "subject to sale," a sale of the property would require the consent of the lienholder. The proposed sale to Buyer is of value to the estate because Buyer has agreed to purchase the Subject Property subject to all liens and claims of interest. The proposed sale enables an efficient administration of the Subject Property and the Judgment and the estate will benefit from the sale proceeds. Trustee has received no higher or otherwise better commitment for the Subject Property and the Judgment, and prospective buyers interested in bidding more, including co-owner Josephine, will receive notice of the sale and have an opportunity to submit overbids. Given the status of the Subject Property and the due diligence and risks assumed by Buyer, Trustee believes the terms of the proposed sale, including the proposed overbid procedures and breakup fee, are fair and reasonable. The proposed sale to Buyer is a good faith effort by Trustee to maximize the net return to the estate on account of the Subject Property and the Judgment.

**WHEREFORE**, Trustee prays that this motion be granted and for such other and further relief as may be necessary and proper.

Dated: January 3, 2014          **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
   **J. LUKE HENDRIX**
   Attorneys for Susan Didriksen Trustee